IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrzej Giborowksi,<br>*aka* Andrzej Ciborowski,<br><br>Petitioner,<br><br>-vs-<br><br>Janet Napolitano, et al.,<br><br>Respondents. | Case No. 1:13 CV 296<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>JUDGE JACK ZOUHARY |

**INTRODUCTION**

*Pro se* Petitioner Andrzej Giborowski, a citizen of Poland, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner names the Department of Homeland Security ("DHS"), its Secretary, and a number of U.S. Immigrations and Customs Enforcement ("ICE") officials as Respondents. He seeks immediate release from his custody pending deportation and further asks this Court to vacate the deportation order entered by the DHS (*see* Doc. 1). Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 3), which this Court grants.

Respondents filed a Motion to Dismiss the Petition (Doc. 7), arguing this Court lacks subject matter jurisdiction and the Petition is moot because Petitioner was removed from the United States to Poland shortly after filing his Petition. For the reasons set forth below, Respondents' Motion to Dismiss is granted.

**BACKGROUND**

Petitioner, as alleged in his Petition, illegally entered the United States in Arizona in April 2003 (Doc. 1 at 3). In 2011, ICE personnel detained Petitioner near Sandusky, Ohio, and commenced removal proceedings (*id.* at 3–4). During those proceedings, Petitioner "was granted voluntary departure instead of bond by the Immigration Judge" in May 2011, followed by an alternate removal order in June 2011 (*id.* at 4). The immigration judge ("IJ") denied Petitioner bond (*id.* at 4). Petitioner repeatedly refused to sign a Form I-229(a) (*id.* at 4).

Petitioner successfully filed a request to reopen proceedings to file an application for asylum (*id.* at 5). The Executive Office of Immigration Review reopened the case and denied Petitioner's request for deferral of removal under the Convention Against Torture ("CAT") (*id.* at 5).

The IJ issued a final order of removal on January 25, 2012 (*id.* at 5). ICE officials served Petitioner with a notice of failure to comply, Form I-229(a), three times because he had not secured travel documents to leave the United States (*id.* at 5). On February 28, 2013, after filing the instant Petition, Petitioner was removed from the United States on a flight bound for Poland (Docs. 7-1 & 7-2).

The Petition before this Court raises two grounds for habeas relief. First, Petitioner argues he is not a danger to the community and should be released under the CAT because he will suffer serious harm if deported to Poland (Doc. 1 at 6). He believes the IJ failed to sufficiently consider the evidence in the record and other serious harm factors in making his decision (*id.* at 8–9). Second, Petitioner claims law enforcement agents violated the Vienna Convention Treaty by failing to inform him of his right to contact his embassy and by failing to directly contact the consulate (*id.* at 9).

Respondents maintain the REAL ID Act of 2005 bars this Court's review of Petitioner's claims (Doc. 7 at 3). Specifically, Respondents argue Section 106 of the Act amended Section 242

of the Immigration and Nationality Act ("INA") of 1952, 8 U.S.C. § 1252, by channeling judicial review of administrative final orders of removal to the courts of appeal.

Respondents further maintain Petitioner is no longer "in custody" for habeas corpus purposes (Doc. 7 at 5). Respondents aver Petitioner was removed from the United States on February 28, 2013 (Doc. 7-1). Thus, Respondents argue Petitioner's removal from the United States makes his claims for release moot (Doc. 7 at 6–7).

### LACK OF SUBJECT MATTER JURISDICTION

An individual in federal custody pending removal may challenge the constitutionality of his confinement pursuant to 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Supreme Court has held that the indefinite detention of a deportable alien is not permissible, as it would threaten the alien's Fifth Amendment Due Process rights. *Id.* at 699. The REAL ID Act became effective in May 2005, and expressly strips the district courts of their habeas corpus jurisdiction over final orders of removal. 8 U.S.C. § 1252(a). Under this provision, courts of appeals are the sole and exclusive means for judicial review of an order of removal. *Id.* Therefore, this Court lacks jurisdiction over those parts of the Petition challenging Petitioner's order of removal, deportation, or exclusion.

Additionally, Petitioner seeks authorization for release in order to permanently remain in the United States under the CAT (Doc. 1 at 3). The CAT bars the government from removing an alien to a country where it is more likely than not that the alien will be tortured upon return. 8 C.F.R. § 208.16. The REAL ID Act bars a district court's review of any claims for protection under the CAT. Section 106(a)(1)(B) added the following provision to section 242(a) of the INA:

3

> (4) CLAIMS UNDER THE UNITED NATIONS CONVENTION—Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

Therefore, this Court lacks jurisdiction over this matter as well.

Even if this Court had subject matter jurisdiction over Petitioner's secondary claim that law enforcement agents failed to inform him of his right to contact Poland's consulate under the Vienna Convention on Consular Relations, such a claim would fail on the merits. *See Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) ("[T]he court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it."). The Sixth Circuit has held that the Vienna Convention does not "create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).

## MOOTNESS

Under the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), deporting an alien while his petition for habeas corpus is pending "neither deprives the court of jurisdiction over that petition nor does it necessarily render moot the claims in that petition." *United States v. Garcia-Echaverria*, 374 F.3d 440, 450 (6th Cir. 2004). But the Supreme Court has explained that for a court to exercise habeas jurisdiction, the petitioner must demonstrate he was in custody at the time he filed the petition and that his release did not render the petition moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Because Petitioner was in custody at the time he filed his Petition, the only question is whether this Court is still faced with a case or controversy under Article III, § 2 of the Constitution. *Id*.

4

To have an existing case or controversy, Petitioner, throughout the litigation, "'must have suffered, or be[en] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A petition is not moot if the petitioner suffers from a "concrete and continuing injury" that is a collateral consequence of the detention and if the injury can be remedied by obtaining a writ of habeas corpus. *Id.*

To the extent this Court had jurisdiction to satisfy Petitioner's request for immediate release, that relief can no longer be provided. Petitioner has not alleged a concrete and continuing injury resulting from his detainment; he argues only for relief from his deportation order. Once Petitioner was deported, this Court could no longer grant his request for habeas relief from his continued detention. *See Carras v. Williams*, 807 F.2d 1286, 1288 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

## CONCLUSION

Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7) is granted and this action is dismissed. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 20, 2013

5